# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| Kenneth Edward Moreland,  )<br>  )<br>  Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>Michael J. Astrue, Commissioner  )<br>of Social Security,  )<br>  )<br>  Defendant.  )<br>  )<br>_____ ) | Civil Action No. 2:11-2679-RMG<br><br>**ORDER** |

Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for disability insurance benefits. In accord with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 DSC, this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation on January 9, 2013, recommending that the Commissioner's decision be reversed and remanded. (Dkt. No. 22). The Commissioner filed a response indicating that he did not intend to object to the Magistrate Judge's Report and Recommendation. (Dkt. No. 23). The Court adopts the Report and Recommendation of the Magistrate Judge as the order of the Court, reverses the decision of the Commissioner and remands the case to the administrative agency for action consistent with this order.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the

Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge. 28 U.S.C. § 636(b)(1).

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. The Act provides that the "findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. §405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper legal standard. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987).

Under the regulations of the Social Security Administration, the Commissioner is obligated to consider all medical evidence and the opinions of medical sources, including treating physicians. 20 C.F.R. § 404.1545. This includes the duty to "evaluate every medical opinion we receive." *Id.* § 404.1527(c). Special consideration is generally given to the opinions of treating physicians of the claimant, based on the view that "these sources are likely to be the medical

professionals most able to provide a detailed, longitudinal picture of [the claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* § 404.1527(c)(2). Under some circumstances, the opinions of the treating physicians are to be accorded controlling weight. Even where the opinions of the treating physicians of the claimant are not accorded controlling weight, the Commissioner is obligated to weigh those opinions in light of a broad range of factors, including the examining relationship, the treatment relationship, length of treatment, nature and extent of the treatment relationship, supportability of the opinions in the medical record, consistency, and whether the treating physician was a specialist in the area for which she gave an opinion. *Id.* §§ 404.1527(c)(1)-(5). The Commissioner is obligated to weigh the findings and opinions of treating physicians and to give "good reasons" in the written decision for the weight given to a treating source's opinions. SSR 96-2P, 1996 WL 374188, at *5 (July 2, 1996).

A claimant may offer relevant evidence to support his or her disability claim throughout the administrative process. Even after the Administrative Law Judge (ALJ) renders a decision, a claimant who has sought review from the Appeals Council may submit new and material evidence to the Appeals Council as part of the process for requesting review of an adverse ALJ decision. 20 C.F.R. §§ 404.968, 404.970(b). The new evidence offered to the Appeals Council is then made part of the record.

The Social Security Regulations do not automatically require the Appeals Council expressly to weigh the newly produced evidence and to reconcile it with previously produced

conflicting evidence before the ALJ. Rather, the regulations require only that the Appeals Council make a decision whether to review the case. If the Appeals Council grants a request for review and issues its own decision on the merits, then it is required to make findings of fact and explain its reasoning. *Meyer v. Astrue*, 662 F.3d 700, 706 (4th Cir. 2011). If the Appeals Council chooses not to grant review, though, it is not required to "explain its rationale for denying review," and so there may be cases in which newly produced evidence is made part of the record for purposes of substantial evidence review but no fact finder has expressly assessed the newly produced evidence. *Id.* at 705-06.

As the Fourth Circuit recently addressed in *Meyer*, this situation can present some difficulty for reviewing courts. To be sure, there are cases—"one-sided" cases in which the record provides an adequate explanation of the Commissioner's decision—where a reviewing court can determine whether substantial evidence supports the Commissioner's decision. *Id.* at 707. However, where "other record evidence credited by the ALJ conflicts with the new evidence," a reviewing court "simply cannot determine whether substantial evidence supports the ALJ's" decision. *Id.* In those cases, there is a need to remand the matter to the administrative agency so that a fact finder can "reconcile that [new] evidence with the conflicting and supporting evidence in the record." *Id.* After all, "[a]ssessing the probative value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Discussion

As the Magistrate Judge has ably set forth in her Report and Recommendation, Plaintiff submitted for the record before the ALJ a medical questionnaire dated June 30, 2009 that addressed the claimant's limitations arising from her multiple medical impairments and offered

opinions obviously relevant to the Plaintiff's Social Security disability claim. Transcript of Record (hereafter "Tr.") at 844-851. The questionnaire was co-signed by Plaintiff's treating physician, Dr. Kerry Diver, and a treating nurse practitioner, Ms. Edeltraud Lamar. Tr. at 851.[1] The ALJ evaluated the responses to the questionnaire as if it had only been signed by the nurse practitioner and treated the opinions as if given by a non-medical source. Tr. at 30. Since the Commissioner is obligated to "evaluate every medical opinion" and to provide special consideration to the opinions of treating physicians, this oversight by the ALJ is not merely a technical or incidental error. 20 C.F.R. §§ 404.1527(c), 1545. The right of the claimant to have the opinions of his treating physician carefully and thoroughly evaluated by the Commissioner pursuant to the standards set forth in § 404.1527(c) is a significant one and the failure to make such an evaluation certainly requires reversal and remand.

The Court also agrees with the recommendation of the Magistrate Judge regarding the failure of a fact finder to weigh the opinions of a treating physician, Dr. Pran Sood, which were submitted for the first time to the Appeals Council following the decision of the ALJ. Tr. at 1078-1089. Although these records were made part of the claimant's record and support his claim for disability benefits, no fact finder has weighed such evidence or reconciled it with the conflicting "record evidence credited by the ALJ . . . ." *Meyer*, 662 F.3d at 707. Under the clear holding of the Fourth Circuit in *Meyer*, remand is necessary where no fact finder has weighed new and material evidence submitted for the first time to the Appeals Council when such evidence conflicts with other evidence credited by the ALJ because "[a]ssessing the probative

---

[1] Under South Carolina law, a licensed nurse practitioner must perform delegated medical acts under the supervision of a licensed physician. S.C. Code § 40-33-34(C)(1).

value of the competing evidence is quintessentially the role of the fact finder." *Id.*

## Conclusion

Based upon the foregoing, the Court hereby **REVERSES** the decision of the Commissioner and **REMANDS** this matter for further proceedings consistent with this opinion pursuant to Sentence Four of 42 U.S.C. § 405(g).

AND IT IS SO ORDERED.

_____
Richard Mark Gergel
United States District Judge

January 24, 2013
Charleston, South Carolina